IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR ANDINO, JUANA HERNANDEZ FELIX and their conjugal partnership,<br>    Plaintiffs,<br><br>    v.<br><br>MUNICIPALITY OF CATAÑO, THE HONORABLE JOSE A. ROSARIO, JANE DOE AND THEIR CONJUGAL PARTNERSHIP, JESUS DIAZ, SUSAN ROE, AND THEIR CONJUGAL PARTNERSHIP,<br>    Defendants. | CIVIL No.  11-<br><br>DISCRIMINATION BASED ON COLOR AND RACE, 42 U.S.C. 1981; Title VII; ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE, LAW 80<br><br>(**TRIAL BY JURY DEMANDED**) |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff, Victor Andino Ortiz, Juana Hernandez Felix and their conjugal partnership, by and through their attorney, very respectfully state, allege, and pray as follows:

 **INTRODUCTION**

This is an action for violation of Title VII of the United States Code, breach of 42 U.S.C. 1981, and the pendent Puerto Rico claims of Laws 80 and 31 L.P.RA. 5141.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the instant action pursuant to 18 U.S.C. § 1331

because there are violations of Federal law and pendent jurisdiction of the state law claims .

2.   Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff resides in the District of Puerto Rico and the majority of the contacts with the causes of action occurred in Puerto Rico.

**THE PARTIES**

3.   Plaintiff, Victor Andino Ortiz, Juana Hernandez Felix are of legal age, married to each other, and a resident of Cataño, Puerto Rico, who at all times were protected by the laws invoked in this case.

4.   Codefendant, Municipality of Cataño was Mr. Andino's employer and is sued for the purpose of affording Mr. Andino the equitable relief of re-employment.

5.   Co-defendants the Honorable Jose Rosario, Jane Doe and their conjugal partnership are sued in Mr. Rosario's official and personal capacity because of his involvement in the discriminatory acts described herein.

6.   Co-defendant Jesus Diaz, Susan Roe and their conjugal partnership are sued in Mr. Diaz's official and personal capacities because of his involvement in the discriminatory acts described herein.

**FACTUAL BACKGROUND**

7.   Mr. Andino began working for the Municipality of Catanyo in 1991 in the civil defense as a permanent employee, although he had worked for the municipality since 1979.

8.   In 1982, Mr. Andino became a licensed practical nurse.

9.   In 1989, he became an assistant emergency medical technician, driving ambulances.

10.   In the 1990's Mr. Andino worked in the Parks and Recreations Department of Cataño as a supervisor of other personnel.

11. For approximately the last ten years, Mr. Andino worked as a coordinator for community outreach programs, working principally with addicts to try to reintegrate them into society after detoxification.

12. From the time the Municipality hired Mr. Andino until Jesus Diaz became his supervisor in June 2010, Mr. Andino had an excellent work record with one exception, and was known for his excellent relationships with his co-workers and the community, where he worked in outreach and faith based community programs.

13. The exception to Mr. Andino's unblemished record was a suspension from work and pay for a month because he was unwilling to take a person who needed to detox to Ponce at 4:00 p.m. – in his personal car because the municipality had no vehicle available - because the hospital in Ponce stopped taking new patients at the hour, and it was at least a 90 minute ride from Cataño to Ponce, without even considering rush hour traffic.

14. Gaetan Peña, the person who ordered Mr. Andino to take these actions, was not his supervisor, and never has been.

15. On that occasion, Mr. Andino met with co-defendant Rosario, who told him not to worry, but then signed the order to suspend Mr. Andino.

16. In June of 2010, Mr. Diaz began working as Mr. Andino's supervisor and immediately began harassing Mr. Andino based on his race and color.

17. Mr. Diaz apparently resented Mr. Andino's status after his decades of service, so Mr. Diaz told Mr. Andino that he just had to be black to work in his position.

18. Mr. Andino responded that he just had to have the years of public service and the technical certifications to work in his position.

19. In July 2010, Ms. Diaz refused to approve Mr. Andino's vacation and also refused Mr. Andino's requests for brief amounts of leave to address issues with his children.

20. Mr. Diaz also closed the door that connected Mr. Andino's office to the photocopy room, where Mr. Andino needed access for any document he would have wanted to print for his work. Mr. Diaz refused to let Mr. Andino print documents from any other computer. For that reason, Mr. Andino was forced to stop redacting any work related document.

21. Mr. Andino wrote to the Honorable Jose Rosario to complain of Mr. Diaz's mistreatment, of his racism, and his anti-worker attitude. The Mayor never answered.

22. The situation became unbearable by August 31, 2010, when Mr. Andino filed a claim with the Equal Employment Opportunity Commission.

23. The EEOC investigated the charge and found reasonable cause that defendants had discriminated against Mr. Andino.

24. For years, Mr. Andino had had a small stove in the room next to his office, where he cooked food for the homeless at lunch as part of his job. All of Mr. Andino's supervisors knew of this situation and approved of it.

25. On October 19, 2010, a young man from maintenance visited Mr. Andino's office and told Mr. Andino that he was there to check on the stove.

26. The maintenance man told Mr. Andino that Mr. Diaz had complained because of the danger of the stove.

27. In compliance with those instructions, Mr. Andino took the stove – which he had purchased – home.

28. Shortly thereafter, when Mr. Andino was on his lunch break, Mr. Diaz showed up and demanded that Mr. Andino open the doors.

29. Mr. Andino told Mr. Diaz that he was eating lunch, and Mr. Diaz demanded to enter. This was the first time since he began work that Mr. Diaz had ever tried to visit Mr. Andino.

30. Mr. Diaz eventually left, but he filed a complaint against Mr. Andino for "insubordination".

31. Without hearing Mr. Andino's side of the story, co-defendant Rosario sent Mr. Andino a letter, informing him of his intention to dismiss him.

32. The Municipality confirmed that decision. .

33. When the Municipality liquidated Mr. Andino's outstanding benefits, it paid him zero, even though he was due $719.68 in accumulated benefits.

## FIRST CAUSE OF ACTION
### SECTION 1981

34. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

35. Defendants harassed and eventually dismissed Mr. Andino because he is black.

36. Mr. Andino earned $33,504 annually. He is actively seeking employment, but to

date has not found anything. Defendants should compensate Mr. Andino for his lost wages to date, his future lost wages, and for the emotional harm that he and his family have suffered as a result of defendants' breach of 42 U.S.C.1981.

37.  Defendants should also pay punitive damages in a sum no less than $1,000,000 so that they never engage in such racist behavior in the future.

## SECOND CAUSE OF ACTION

## TITLE VII

38. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference.

39.  Defendants harassed Mr. Andino in his employment because of his race and his color. They should be ordered to compensate him for his lost wages, his future lost wages and his emotional suffering that has had physical manifestations due to the constant sleeplessness and resulting stress in sum no less than $1,000,000.

## THIRD CLAIM FOR RELIEF

## ACT 80 - P.R.

40.  Plaintiff incorporates as if re-alleged the preceding paragraphs with the force and effect as if herein set forth.

41.  The defendants by the acts previously mentioned in this Complaint, unjustly terminated Mr. Andino's employment with the Municipality of Cataño.  The termination was without just cause of an employee who was hired for an undetermined period of time. Therefore, Mr. Andino is entitled to statutory severance pay.

42.  As a result of the before mentioned, the plaintiff Mr. Andino is entitled to be paid by defendants of severance pay in the sum of six month's pay plus six weeks for every year worked as provided for by 29 L.P.R.A. § 185a plus statutory penalties and interest.

## FOURTH CLAIM FOR RELIEF
### ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE
### Mental and Moral Damages

43. Plaintiff incorporates as if re-alleged the preceding paragraphs with the same force and effect as if herein set forth.

44. As a result of the before mentioned acts and omissions, the defendants have directly and intentionally inflicted emotional distress, humiliation, harassment, and mental anguish on the plaintiff, in an amount in excess of $2,000,000.00. Mr. Andino has suffered immensely because of the illegal activities of defendants and is desperate, depressed, and anxious. He has spent endless nights and days of worry, uncertainty and despair.

**WHEREFORE**, Mr. Andino respectfully demands judgment as follows:

A. That Defendants be ordered to reinstate him in his employment.

B. That Defendants be ordered to pay an amount of no less than $500,000 for economic loss sustained by Plaintiff as a result of the facts described in the present complaint.

C. That defendants be ordered to pay plaintiff no less than $500,000 in punitive damages.

D. That this Court find that Defendants caused Plaintiff no less than one million dollars ($1,000,000.00) in emotional harm and order defendants to compensate Plaintiff for that harm.

E. That Defendants be ordered to pay considerable costs, reasonable attorney's fees, and legal interest.

F. Any further relief this Honorable Court may deem just and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of July 2011.

Respectfully submitted,

/S/ JANE BECKER WHITAKER

[6]

Jane Becker Whitaker
**PR Bar # 205110**
LAW OFFICES OF
JANE BECKER WHITAKER
PO Box 9023914
San Juan, PR  00902-3914
Tel. (787) 754-9191
Fax  (787) 764-3101
janebeckerwhitaker@yahoo.com
janebeckerwhitaker@gmail.com